Miere v. Brush.

ALEXANDER S. MIERE, plaintiff in error, v. REUBEN W. BRUSH, defendant in error.

$\begin{array}{c} 4 \quad 21 \\ 26a \quad 354 \end{array}$

*Error to Jo Daviess.*

The case of Clark v. Roberts, Breese 222, was made under a statute not authorizing amendments.

§ § 6 and 7 of the attachment act require that one of the conditions of the attachment bond shall be to pay all such costs as shall be awarded against the plaintiff, in case he fail in the suit; but a judgment by default will not be reversed, on account of the omission of this condition. Objections to defects of this nature should be made in the Court below, where the plaintiff may have an opportunity of remedying them by amendment.

It is manifestly the object and intention of § 28 of the attachment act, to save a plaintiff in an attachment from any injury resulting from mere formal defects in papers which are prepared by others.

The defendant in an attachment cannot assign for error the decision of the Court upon a question arising between the plaintiff and a garnishee.

Exceptions to the opinion of the Court must be taken at the time the decision is made, and not afterwards.

The judgment for the plaintiff, in an action by attachment, is general against the defendant, but the execution is special against the property attached, although, for greater certainty, and to avoid errors, it would be well for the clerk, in such cases, to make the entry of the award of a special execution; and such is generally the practice.

S. STRONG, for the plaintiff in error.

J. B. THOMAS, for the defendant in error.

*Breese, J.*

THIS is an action of *assumpsit*, on a promissory note, with the usual money counts, commenced by *attachment* in the Circuit Court of Jo Daviess, by Brush against Miere. The attachment was levied on sundry articles of merchandise.

The bond given by Brush, on suing out the writ, has this condition: "Now, if the said Reuben W. Brush shall prosecute his suit with effect, or in case of failure therein, shall well and truly pay and satisfy the said Alexander S. Miere, all such costs and damages as shall be awarded against him, the said Brush, his heirs, executors, or administrators, in any suit or suits which may hereafter be brought for wrongfully suing out the said attachment, then the obligation to be void, otherwise to remain in full force and virtue," &c.

Publication having been made, as the statute requires, judgment by default was rendered against Miere, at the October term, 1837, in the following form: "It is therefore considered by the Court, that the plaintiff have and recover of the defendant, $627, so as aforesaid assessed, together with his costs by him about his suit in this behalf laid out and expended, and that he have execution therefor," &c.

At the same term, Alexis Bailly, in his own right, and Powell, Lamont & Co., in their right, filed their several pleas of interpleader, claiming the property attached, upon which issues were

made up, and submitted to a jury, who could not agree upon a verdict, and were discharged, and the issues upon the interpleader continued to the April term, 1838, at which term, one Warner, as agent for Powell, Lamont & Co., filed his petition and affidavit for a change of venue, which was refused, and the cause as to them and Bailly continued to the next July term. At that term, Peter Powell, as one of the firm of Powell, Lamont & Co., filed his affidavit and petition for a change of venue, which was also refused. No exception was taken to this refusal, and the cause was continued to the special term in August following, at which last mentioned term, the several interpleaders were tried by a jury, and separate verdicts rendered for the plaintiff in the attachment, the defendant here. The verdicts were rendered on the 13th of August, and no exception then taken. The record then states that, "on the 18th day of August, 1838, there was filed in the clerk's office of the Circuit Court aforesaid a bill of exceptions," &c., which sets forth the application for a change of venue by Powell, Lamont & Co., and the decision of the Court thereon.

These are all the proceedings in the Court below, necessary to be noticed. The cause is brought here by writ of error prosecuted by Miere only; and he relies for a reversal of the judgment on the following, as errors in the proceedings:

*First.* The attachment bond executed by Brush contains no condition to pay costs to the defendant, in case the plaintiff should be cast in the suit;

*Second.* The refusal of the Court to award a change of venue on the application of Powell; and,

*Third.* The decision of the Court in giving a general judgment in favor of Brush, instead of a special judgment and award of execution against the goods and chattels attached.

The sixth section of the act concerning attachments, (1) requires that the bond shall be conditioned for satisfying all costs which may be awarded to such defendant in case the plaintiff suing out the attachment, shall be cast in the suit, and also all damages which shall be recovered against the plaintiff for wrongfully suing out such attachment. It further provides, that "every attachment issued without a bond and affidavit taken and returned as aforesaid, is hereby declared illegal and void, and shall be dismissed."

The seventh section gives the form of such bond and condition, in which these provisions are embraced. The twenty eighth section provides (2) that no writ of attachment shall be quashed on account of the insufficiency of the original affidavit, writ of attachment, or attachment bond, if the plaintiff, or some credible person for him, shall cause, in such time as may be limited by the Court, a legal and sufficient affidavit or attachment bond to be filed.

In support of the first error assigned, reference is made to the

(1) R. L. 84; Gale's Stat. 64.  (2) R. L. 93; Gale's Stat. 71.

case of Jonathan Clark *v.* Levi Roberts, (1) in which it is decided that the want of a legal affidavit, it being the foundation of the action, is fatal. When that decision was made in 1828, we had no statute such as the present, authorizing amendments. The statute of 1833, under which this suit was instituted, was enacted, to prevent the loss and inconvenience to which parties suing by attachment were exposed by the carelesness, ignorance, or unskilfulness of those who might prepare the paper; and hence the provisions of the twenty-eighth section. The bond, in this case, is not in exact conformity with the sixth section and the form given in the seventh, one of the conditions, namely, to pay costs to the defendant in the attachment, if the plaintiff should be cast in the suit, being omitted. This defect cannot now be assigned as error; the party should have taken the objection in the Court below, where the plaintiff in the attachment could have availed himself of the provisions of the twenty-eighth section, by filing a new bond. His not having done so should be considered as a waiver of the objection. His not appearing, and suffering judgment to pass, by default, can make no difference in the construction which should be given to the several provisions of the act. It is manifestly the object and intention of the twenty-eighth section, to save a plaintiff in an attachment, from any injury resulting from mere formal defects in papers which are prepared by others.

It would then be against its spirit to reverse a judgment which he has obtained for an informality which does not affect in any manner the merits of the cause, or prejudice, in any way, the rights or interests of the defendant; the affidavit being regular, and the Court having jurisdiction of the cause.

The bond is of no advantage to the defendant now, as judgment has been rendered against him; but if the attachment was wrongfully sued out, the bond is a security for all costs and damages occasioned thereby, and of which the defendant can avail himself.

As to the second error assigned, we cannot perceive what right the defendant in the attachment has to complain of proceedings which did not at all affect him. This case is brought here by Miere only, not by Powell, Lamont & Co., one of the interpleaders, and however erroneously the Court may have decided upon their rights, the plaintiff here cannot question the decision; consequently the second error cannot be allowed. It is worthy of remark in this place, that the bill of exceptions taken by Powell, Lamont & Co., does not appear to have been taken in term. The record shows that on the 18th of August, "they filed in the clerk's office of the Circuit Court, their bill of exceptions," &c., and it no where appears on the record that they alleged any exception whatever to any decision of the Court. We have before decided, that the

(1) Breese 222.

exception must be taken at the time the decision complained of is made, and not afterwards. (1)

Upon the third error assigned, the Court is of opinion, that the entry of the judgment is correct. The thirteenth section of the attachment act (2) declares that " the plaintiff shall be entitled to judgment for his whole debt and costs, having established the existence of such debt, by legal testimony, and may thereupon take execution for the same according to law, as provided in other cases in debt. All the estate attached and not replevied, shall be sold for and towards satisfying the plaintiff's judgment, in the same manner as such property is required to be, when taken in execution on a writ of *fieri facias.*"

The nineteenth section (3) provides, that " if judgment by default shall be entered, on any attachment against the estate of the defendant, in any court of this State, no execution shall issue thereon, except against the goods and chattels, lands and tenements, on which the attachment may have been served," &c.

It is clear from these sections, and these are the only ones applicable to this assignment of error, that the plaintiff is entitled to the usual judgment, which is general, for his whole debt, as in cases commenced in the ordinary way. The execution which issues on the judgment is special, being against the property attached only, and this is directory to the clerk. Should he issue a general execution in such case, it would be irregular, and could be stayed by a judge's order, or by injunction. This is not like the case of a judgment on a *scire facias* by a mortgagee against the mortgagor, under the eighteenth section of the act concerning judgments and executions. (4) By that section, it is made a part of the judgment of the Court that the mortgaged premises be sold to satisfy the judgment; and the judgment and execution are both special. In attachment cases the judgment, for the plaintiff, is general against the defendant, but the execution is special against the property attached, although, for greater certainty, and to avoid errors, it would be well for the clerk, in such cases, to make the entry of the award of a special execution, and this is the practice generally. There being, then, no such errors as have been assigned, the judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

(1) Leigh v. Hodges, *Ante* 17.          (2) R. L. 87; Gale's Stat. 67.
(3) R. L. 90; Gale's Stat. 69.          (4) R. L. 376; Gale's Stat. 393.